[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16869
Non-Argument Calendar

_____

D. C. Docket No. 03-00620-CR-JHH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CLARK BIBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 24, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

James Clark Bibb appeals the district court's denial of his motion to dismiss

his indictment, on the grounds that he suffered violations of the Sixth Amendment right to a speedy trial and his rights under Federal Rule of Criminal Procedure 5 ("Rule 5"). The district court properly denied the motion. Therefore, we affirm.

## I. Background

On December 30, 2003, Bibb was indicted in the Northern District of Alabama for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The indictment alleged that Bibb, a convicted felon, was found in possession of a firearm in July 2003. A federal arrest warrant issued on January 2, 2004.

On July 15, 2005, during an unrelated traffic stop, Bibb was arrested on the outstanding federal warrant. The stop occurred at about 11:00 p.m. on Friday in a town in the Southern District of Alabama. Bibb was arraigned the following Monday afternoon in the Northern District of Alabama. Shortly thereafter, Bibb moved to dismiss the indictment, alleging: (1) a violation of his Sixth Amendment right to a speedy trial because more than two years elapsed between the date of the alleged offense and his arrest and arraignment, and (2) a violation of Rule 5(a)(1)(A) and (c)(2) because of an unnecessary delay between his arrest and arraignment.

The government conceded that the length of time between the indictment

and arrest was presumptively prejudicial but argued that dismissal was improper because the government did not delay to gain an advantage and because Bibb did not suffer actual prejudice. The government further asserted that the delay between arrest and arraignment was not unreasonable.

At a hearing on Bibb's motion, the government presented testimony from ATF Agent Edward Grays Hull. Hull recounted the following facts to explain the delay between the indictment and arrest: He learned of the federal warrant on January 2, 2004 and faxed the warrant to ATF headquarters. The warrant information was posted on the National Crime Information Center database on January 5, 2004. Hull subsequently went to the address that Bibb gave when arrested in July 2003 and where Bibb's vehicle was registered. Although Hull went to the address at different times and on several different days between January 2004 and early April 2005, Hull never saw Bibb or Bibb's vehicle. Furthermore, Hull testified that he believed Bibb lived elsewhere because the blinds at the house were closed, no lights were on, the grass was overgrown, and two abandoned cars sat in the backyard. Hull also testified that he had reason to believe Bibb may have lived at a different address because Bibb filed a domestic violence report that listed another address as the location of the alleged incident, and because in a domestic violence report filed by Bibb's girlfriend, she gave

3

different address for Bibb.  Hull checked both addresses but did not locate Bibb.

Hull admitted that the July 2003 arrest report listed Bibb's work address but

testified that he overlooked that information and never attempted to locate Bibb at

work.  In any event, ATF normal policy discouraged arresting someone at work

because it put the public in harm's way.

On Saturday, July 16, 2005, Hull learned that Bibb had been arrested late the

night before in the Southern District of Alabama.  The ATF agents involved

believed that Bibb had to be taken before a magistrate judge in the Southern

District where he was arrested, rather than the Northern District where the warrant

issued.  Because of this confusion and the inability of the ATF office in the

Southern District to provide agents to transport Bibb on Saturday, Bibb was

arraigned on Monday when ATF agents brought him before a magistrate judge in

the Northern District of Alabama.

The magistrate judge recommended denying Bibb's motion, finding that

prejudice could be presumed from the length of the delay, but that the evidence

showed that the government had attempted to arrest Bibb, and that, although the

government could have been more diligent, the reason for the delay did not weigh

heavily against the government, nor did Bibb suffer actual prejudice from the

delay.  The court noted that Bibb had not been incarcerated for any length of time

4

during the period and Bibb did not identify any evidence or testimony lost as a result of the delay. As for the Rule 5 argument, the magistrate judge found that the proper remedy for a violation would be suppression of any evidence obtained during the delay, not dismissal of the indictment. Because the authorities did not obtain any evidence during that period and because Bibb did not suffer substantial harm from the delay, the magistrate judge rejected Bibb's argument. The district court adopted the recommendation and denied Bibb's motion.

Bibb entered a conditional guilty plea but reserved his right to appeal the denial of the motion to dismiss.

## II. Standard of Review

"Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact. Questions of law are reviewed <u>de novo</u>, and findings of fact are reviewed under the clearly erroneous standard." <u>United States v. Ingram</u>, 446 F.3d 1332, 1336 (11th Cir. 2006). We review a district court's denial of a motion to dismiss an indictment on non-constitutional grounds for abuse of discretion. <u>United States v. Pielago</u>, 135 F.3d 703, 707 (11th Cir. 1998).

## III. Discussion

A. <u>Speedy Trial</u>

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend. VI. If the government violates this right, the available remedy is dismissal of the indictment. <u>Barker v. Wingo</u>, 407 U.S. 514, 522 (1972). In <u>Barker</u>, the Supreme Court set forth four factors that a court should assess when determining whether a defendant has been deprived of his Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. <u>Id.</u> at 530. In this circuit, unless the first three factors weigh heavily against the government, the defendant must show actual prejudice. <u>United States v. Harris</u>, 376 F.3d 1282, 1290 (11th Cir. 2004).

The government concedes that the delay of approximately eighteen months between indictment and arrest was presumptively prejudicial, <u>Ingram</u>, 446 F.3d at 1336 (holding that delays over one year are presumptively prejudicial), and that Bibb asserted his right in a timely manner, <u>United States v. Clark</u>, 83 F.3d 1350, 1353 (11th Cir. 1996). The government disputes, however, that the first three factors weigh heavily against it or that Bibb suffered actual prejudice.

6

As for the reason for the delay, we have noted that "[g]overnment actions that are tangential, frivolous, dilatory, or taken in bad faith weigh heavily in favor of a finding that a speedy trial violation occurred. Conversely, delays that occur for valid reasons, such as overcrowded courts or strongly contested interlocutory appeals, will not be accorded heavy weight against the Government." United States v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997). Furthermore, the Supreme Court has reasoned that negligence is a more neutral act that should not be weighed as heavily as bad faith. Barker, 407 U.S. at 531.

Here, the district court found that the government's delay was "somewhat negligent" and that this factor "weighs against the government, but not heavily." Bibb concedes that the district court properly characterized the government's actions as negligent, as opposed to having been in bad faith. We agree that the government could have been more diligent in trying to locate and arrest Bibb. In the absence of bad faith, however, the district court properly determined that this factor did not weigh heavily against the government. United States v. Davenport, 935 F.2d 1223, 1239-40 (11th Cir. 1991). Nor do we believe that the second and third factors weigh heavily against the government. Therefore, Bibb must show actual prejudice. Ringstaff v. Howard, 885 F.2d 1542, 1543 (11th Cir. 1989) (en banc).

The Supreme Court has noted that whether prejudice resulted from the delay should be considered in light of the interests in: "(i) prevent[ing] oppressive pretrial incarceration; (ii) minimiz[ing] anxiety and concern of the accused; and (iii) limit[ing] the possibility that the defense will be impaired." Barker, 407 U.S. at 533. Bibb asks us to focus on the third interest, which the Supreme Court has called "the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" Doggett v. United States, 505 U.S. 647, 655 (1992). Although the Doggett Court recognized that "affirmative proof of particularized prejudice is not essential to every speedy trial claim," the Court also stated that "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." Id. at 655, 656.

Here, Bibb fails to identify what evidence was lost or what witnesses he could not locate. He merely makes a general allegation that the delay prejudiced his defense. This case differs greatly from Doggett, in which the delay lasted eight and one-half years and the Court characterized the government's actions as "inexcusable" and "egregious." Id. at 656. It also differs from our decision in Ingram, in which we called the government's negligence in delaying two years between the indictment and arrest "egregious" and considered significant the two-

8

year delay between the dates of the offense and the indictment.  Ingram, 446 F.3d at 1339.  The negligence here was far from egregious, and Bibb does not argue that the pre-indictment delay is relevant to his claim, and at any rate, that delay was only six months.  Id. (noting the limited circumstances in which pre-indictment delay is relevant to a Sixth Amendment speedy trial claim).  Considering that the government's delay between the indictment and arrest was merely negligent, as opposed to in bad faith, and lasted only eighteen months, we are convinced that the defendant can prevail only by showing a more particularized trial prejudice.  Doggett, 505 U.S. at 655, 656.  Because Bibb failed to show a more particularized trial prejudice, the district court properly denied the motion to dismiss the indictment on Sixth Amendment grounds.

B. Rule 5

In determining whether the government violated Rule 5,[1] which relates to the timing of the defendant's initial appearance, we look at the reason for the delay. United States v. Purvis, 768 F.2d 1237, 1239 (11th Cir. 1985).  Here, Agent Hull testified that confusion over where Bibb was required to appear and the difficulty

---

[1] Rule 5 provides: "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise."  Fed. R. Crim. P. 5(a)(1). Under Rule 5(c), when the defendant is arrested in a district other than the one in which the offense allegedly occurred, the "initial appearance must be: (A) in the district of arrest; or (B) in an adjacent district if: (i) the appearance can occur more promptly there."  Fed. R. Crim. P. 5(c)(2).

in finding agents to transport him caused the delay between Bibb's late Friday night arrest and Monday afternoon arraignment. Even assuming that this delay violated Rule 5, Bibb's requested relief, dismissal of his indictment, is improper for a delay of less than seventy-two hours caused by, at worst, the government's negligence. United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) (holding that a delay of one week between arrest and first appearance did not violate Rule 5). In fact, we have never recognized dismissal of the indictment as a proper remedy for a Rule 5 violation. Purvis, 768 F.2d at 1238. Accordingly, we hold that the district court did not abuse its discretion in denying Bibb's motion to dismiss the indictment on this ground.

Because we conclude that the district court properly denied both grounds of Bibb's motion to dismiss the indictment, we AFFIRM Bibb's conviction. AFFIRMED.