# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-1191

_____

United States of America,          \*
                                   \*
          Appellant,               \*
                                   \*          Appeal from the United States
     v.                            \*          District Court for the
                                   \*          Southern District of Iowa.
Alejandro J. Villalpando,          \*
                                   \*
          Appellee.                \*


_____

Submitted: May 15, 2001
Filed: August 7, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and SCHREIER,[1] District
     Judge.

_____

HANSEN, Circuit Judge.


     The United States of America appeals the order of the district court granting
Alejandro Villalpando's motion for new trial. We reverse in part and affirm in part.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District
of South Dakota, sitting by designation.

I.

Defendant Alejandro Villalpando was convicted by a jury of drug conspiracy as charged in Count 1 of the indictment and two firearm offenses charged in Counts 3 and 4. The jury acquitted him on a separate charge of drug possession with intent to distribute as alleged in Count 2. Villalpando's trial counsel filed a timely motion for new trial, including arguments that he as trial counsel had "erred" in eleven instances–amounting to a claim of ineffective assistance of counsel. The district court subsequently appointed new counsel and directed supplementation of the motion for new trial to expose all instances of defense counsel's conduct that might impact the ineffective assistance of counsel claim. The supplemental motion asserted a new instance of ineffective assistance of counsel arising from trial counsel's cross-examination of the government's main witness, Tanya Dlouhy. Specifically, the defendant asserted that trial counsel improperly elicited testimony from Dlouhy that Villalpando made threats to her and told her he had ordered the murder of someone who had raped his child in California. The supplemental motion for new trial asserted that absent trial counsel's cross-examination of Dlouhy, this prejudicial evidence would not have been heard by the jury.

The district court granted Villalpando's motion for new trial and set aside the jury's guilty verdicts on Counts 1, 3 and 4, expressing concern about the general quality of Villalpando's representation by trial counsel. The court specifically concluded that trial counsel's cross-examination of Dlouhy had "absolutely no strategic value" and that trial counsel's strategy to place this evidence before the jury "[was] inherently unsound and unreasonable under prevailing professional norms." (Appellant's Adden. at 6.) Additionally, the district court concluded that viewing this unprofessional conduct in the context of the whole record, there existed a reasonable probability that but for this conduct, the result of the proceeding would have been different. (Id.) The government appeals.

2

## II.

The government initially contends that the district court lacked jurisdiction to consider the claim dealing with counsel's improper cross-examination of Tanya Dlouhy because this claim was not included in the original timely-filed motion for new trial. The seven-day deadline for filing a motion for new trial or receiving an extension of time to file such a motion is jurisdictional. United States v. Johnson, 982 F.2d 1192, 1195 (8th Cir. 1992); Fed. R. Crim. P. 33. A motion for new trial on a claim of ineffective assistance of counsel is subject to the seven-day deadline. United States v. McKinney, 79 F.3d 105, 108 (8th Cir. 1996), judgment vacated on other grounds, 520 U.S. 1226 (1997); United States v. Smith, 62 F.3d 641, 650-51 (4th Cir. 1995). Additional grounds raised in amendments, supplements or renewals of a timely motion for new trial are procedurally barred if not asserted within the seven-day time limit unless the district court grants an extension before the original seven-day period has expired. United States v. Flynn, 196 F.3d 927, 931-32 (8th Cir. 1999).

Generally, we strictly apply the time limits of Rule 33 when considering supplements to motions for new trial, especially when the newly articulated claim alleges a very different violation of the defendant's rights than that contained in the original timely motion. See Flynn, 196 F.3d at 931-32. Recently, however, we applied a reasonable construction of the facts, "so as to allow the defendants sufficient time for filing to avoid a jurisdictional time bar" predicated on a "technical misunderstanding." United States v. Cruz-Padilla, 227 F.3d 1064, 1067 (8th Cir. 2000). In that case, while we recognized the strict construction generally given to Rule 33's jurisdictional time limit, we found that applying such rigidity in that instance would merely subordinate the defendant's right to a fair trial while effecting no meaningful rule-based purpose. Id. at 1067-68.

Villalpando timely filed a motion for new trial alleging numerous instances of trial counsel error in support of his claim that he was denied the effective assistance of counsel. The district court did not rule on the original timely-filed motion and no extension of time was granted within the seven-day period allowed by the rule. However, the district court subsequently appointed new counsel and requested supplementation of the timely motion for new trial because it had been filed by trial counsel and other instances of ineffectiveness might need to be examined. The supplemental motion filed by the defendant's new counsel focused solely on the claim of ineffective assistance, adding a specific allegation that trial counsel was ineffective in eliciting prejudicial statements during his cross-examination of Dlouhy. This allegation did not raise any new constitutional violation. The original timely-filed motion for new trial had already alleged errors that occurred during trial counsel's cross-examination of Dlouhy, as well as numerous other instances of ineffective assistance of counsel. The supplemental motion permitted by the district court merely specified another instance in support of the ineffective assistance claim–a claim previously timely raised. We conclude that a reasonable construction of the circumstances surrounding the motion for new trial and its supplement is warranted in this case and that the district court had jurisdiction to consider matters raised in the supplemental motion in ruling on Villalpando's motion for new trial.

III.

On the merits, we review the district court's ruling on a motion for new trial based on a claim of ineffective assistance of counsel for abuse of discretion. United States v. Jackson, 204 F.3d 812, 815 (8th Cir. 2000). In order to establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

4

First, the government argues the court erred by failing to hold a hearing on trial counsel's strategy. Normally, a collateral postconviction action under 28 U.S.C. § 2255 is the appropriate means for raising a claim of ineffective assistance of counsel and for developing a record sufficient to examine counsel's performance. Jackson, 204 F.3d at 815. The district court, however, may consider the claim on a motion for new trial if it has developed an adequate record on the issue. United States v. Stevens, 149 F.3d 747, 748 (8th Cir.), cert. denied, 525 U.S. 1009 (1998). The district court witnessed trial counsel's conduct during the entire trial and noted it was of poor quality. It is doubtful whether allowing further record to be presented concerning trial counsel's strategy would alter the court's conclusion that no competent counsel would have elicited the damaging testimony. Upon review of the entire record, we find it was sufficiently developed for the district court to rule on the motion for new trial in this case.

Second, the government asserts Villalpandos' trial counsel's cross-examination of Dlouhy was part of an acceptable strategy to attack her credibility. We generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel. Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998); see also Flieger v. Delo, 16 F.3d 878, 887 (8th Cir.) (holding cross-examination that elicited testimony of defendant's violent character and reputation was reasonable trial strategy where intended to discredit the witnesses' testimony by showing bias against the defendant), cert. denied, 513 U.S. 946 (1994). Some strategy decisions, however, are so unreasonable that they can support a claim of ineffective assistance of counsel. See Crotts v. Smith, 73 F.3d 861, 866 (9th Cir. 1996) (holding trial counsel was ineffective for failing to object to testimony indicating that the defendant had told a third party he was wanted for "killing a cop"); Ward v. United States, 995 F.2d 1317, 1318-19 (6th Cir. 1993) (holding trial counsel was ineffective where counsel's cross-examination of a government witness opened the door for evidence of defendant's character and propensity to make pipe bombs).

5

We find no abuse of discretion in the district court's conclusion that trial counsel's cross-examination of Dlouhy fell below an objective standard of reasonable competence, the first prong of the Strickland analysis. Trial counsel elicited testimony from Dlouhy tending to establish Villalpando's character as threatening and murderous. We agree with the district court that, in the circumstances of this drug-related prosecution, such evidence had absolutely no strategic value for the defendant.

Third, the government asserts any errors by trial counsel did not prejudice Villalpando. To establish prejudice, the second prong of the Strickland analysis, Villalpando must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice is not shown if the evidence is so strong that the outcome of the case could hardly have been other than a verdict of guilty. Goeders v. Hundley, 59 F.3d 73, 77 (8th Cir. 1995).

The district court found counsel's cross-examination of Dlouhy inherently unsound and unreasonable and, considering the entire context, this undermined the court's confidence in the outcome of the trial. We conclude the district court acted within its sound discretion in determining that but for the evidence trial counsel elicited from Dlouhy, there is a reasonable probability that the jury would have returned a different verdict on the drug conspiracy charge of Count 1.

As to the firearm convictions, however, we fail to find prejudice to the defense from Dlouhy's testimony. Count 3 of the indictment charged that Villalpando, a felon, knowingly possessed a Marlin 30-30 caliber rifle that had been transported in interstate commerce. Count 4 charged that Villalpando, a felon, knowingly possessed a J.C. Stevens shotgun that had been transported in interstate commerce. As the government points out, Villalpando stipulated he was a prior felon and that the weapons involved had been transported across state lines. Furthermore, he admitted on cross-examination by the government that he had possessed the weapons in question. Because

6

Villalpando stipulated he was a felon and because Villalpando admitted in open court that he possessed the weapons in question, we cannot say that trial counsel's improper cross-examination of Dlouhy adversely influenced the outcome as to the firearm charges in Counts 3 and 4. See United States v. Hill, 864 F.2d 601, 603-04 (8th Cir. 1988) (finding no prejudice from trial counsel's errors where defendant's own statements established his possession of firearms that formed the basis of the weapons possession charges against him), cert. denied, 489 U.S. 1089 (1989). Thus, Villalpando has failed to meet the prejudice prong of the Strickland test as to Counts 3 and 4.

## IV.

Accordingly, we affirm the order of the district court granting Alejandro Villalpando a new trial on Count 1. We reverse the grant of a new trial on Counts 3 and 4 and remand to the district court with directions to enter a judgment of conviction on each of those counts, and for sentencing thereon.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7