[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 04, 2001
THOMAS K. KAHN
CLERK

No. 00-14559
Non-Argument Calendar

_____

D.C. Docket No. 97-00079-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

KRISTOPHER DOUGLAS WARD,

Defendant-Appellant-
Cross-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(December 4, 2001)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Kristopher Douglas Ward, who was charged in a six-count indictment,

appeals his conviction and sentence for Count VI, money laundering in violation of

18 U.S.C. § 1956(a)(1)(B)(i). Ward argues that our prior opinion, remanding the case to the district court for sentencing as to Count VI and thereby reversing the district court's judgment of acquittal, did not deprive the district court of authority to grant a new trial on that count. Whether a district court is deprived of authority to rule on a motion for a new trial in such a circumstance is an issue that apparently has never been decided in this Circuit. We hold that in such a circumstance the district court is not deprived of such authority, and we remand to the district court to rule on the motion for a new trial.

## BACKGROUND

Ward was charged with four counts of bankruptcy fraud for making false statements under oath on his bankruptcy petition, one count of concealing certain assets, and one count of money laundering in connection with concealed assets. The jury found Ward guilty on all six counts, and Ward moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and in the alternative for a new trial under Federal Rule of Criminal Procedure 33. The district court denied the motion for judgment of acquittal and the motion for a new trial as to the first three counts, but granted the motion of acquittal as to the last three counts. The court did not address the motion for a new trial with respect to counts IV, V, and VI, because it had entered judgment of acquittal on those counts.

2

The government appealed the district court's grant of Ward's motion for judgment of acquittal on Counts IV, V, and VI. We affirmed Ward's acquittal on two of the bankruptcy fraud counts (Counts IV and V), and reversed his acquittal on the money laundering count (Count VI) and remanded for sentencing on that count. *United States v. Ward*, 197 F.3d 1076, 1078 (11th Cir. 1999).

Ward subsequently renewed his motion for a new trial with respect to Count VI on the basis that "the Government relied extensively, if not exclusively, on a theory that was not supported in fact nor law to urge conviction on Count VI." On June 7, 2000, the court, in its Order on Remand Denying Motion for New Trial and Directing Clerk to Schedule Sentencing, found that "the Eleventh Circuit mandate forecloses consideration of Mr. Ward's motion for a new trial on count six" and set the matter for resentencing. However, the district court mentioned during the resentencing hearing and in a prior Order on Remand of March 21, 2000, that it would have granted the motion for a new trial on Count VI, "because the principal (indeed, the only) theory actually argued to the jury on this count was invalid."

At his resentencing hearing, Ward received a downward departure and was sentenced only to twelve months as to Count VI with the sentence to run concurrently with the four-month sentence previously imposed as to Counts I, II, and III.

Ward appeals the district court's conclusion that it did not have the authority to rule on the motion for a new trial as to Count VI. He argues that the court had jurisdiction to revisit and grant a new trial on Count VI and also argues that there was insufficient evidence as a matter of law to sustain his conviction and sentence for Count VI. The government cross-appeals from the district court's decision to grant Ward a downward departure on Count VI.

DISCUSSION

I.

Ward argues that our prior opinion, remanding the case to the district court for sentencing as to Count VI and thereby reversing the district court's judgment of acquittal, did not deprive the district court of authority to grant a new trial on that count. Although we have not considered this issue in this Circuit previously, two of our sister circuits have. *United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000); *United States v. Arrington*, 757 F.2d 1484 (4th Cir. 1985).

The facts in *United States v. Kellington* are similar to the facts in this case. In *Kellington*, the appellee filed timely motions for judgment of acquittal and for a new trial following his convictions for obstruction of justice and conspiracy. 217 F.3d at 1089, 1091. The district court granted the motion for judgment of acquittal and "denied [the] motion for new trial as moot without indicating, as [Federal Rule

4

of Criminal Procedure] 29(d) requires,[1] how the court would decide the motion if the acquittal [was] reversed on appeal." *Id.* at 1091 (footnote added). The government appealed the judgment of acquittal and the Ninth Circuit reversed, stating that the case was reversed and remanded for sentencing. *Id.* at 1091–92.

On remand, the district court granted a renewed motion for new trial and the government appealed. *Id.* at 1092. The Ninth Circuit found other circuit cases which suggested that "[o]n remand, courts are often confronted with issues that were never considered by the remanding court." *Id.* at 1093 (alteration in original) (quoting *Biggins v. Hazen Paper Co.,* 111 F.3d 205, 209 (1st Cir. 1997)). The Ninth Circuit recognized that the first appeal in the case had not been decided on the merits of a motion for a new trial, but rather the case had been decided on the standards used for a judgment of acquittal. *Id.* at 1094–95. With a judgment of acquittal, the court views the "'evidence in the light most favorable to the government, [and decides whether] a rational trier of fact could have found the

---

[1]Federal Rule of Criminal Procedure 29(d) provides,
If a motion for judgment of acquittal after verdict of guilty under this Rule is granted, the court shall also determine whether any motion for a new trial should be granted if the judgment of acquittal is thereafter vacated or reversed, specifying the grounds for such determination. If the motion for a new trial is granted conditionally, the order thereon does not affect the finality of the judgment. If the motion for a new trial has been granted conditionally and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. If such motion has been denied conditionally, the appellee on appeal may assert error in that denial, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

defendant guilty beyond a reasonable doubt.'" *Id.* at 1094. (quoting *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992)). By contrast, a motion for a new trial is reviewed for abuse of discretion on appeal. *Id.* at 1094–95. A district court has much more power to grant a motion for a new trial than it does to grant a motion for judgment of acquittal. *Id.* at 1095. In evaluating a motion for a new trial, "'[a] district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" *Id.* (quoting *Alston*, 974 F.2d at 1211); *see also* Fed. R. Crim. P. 33 ("On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require."). Therefore, since the appellate court ruled on the judgment of acquittal and did not address the motion for a new trial, "the district court did not exceed its authority on remand by reinstating the motion for new trial." *Kellington*, 217 F.3d at 1095.

The Fourth Circuit, in *United States v. Arrington,* also adopted a similar rationale. In *Arrington*, the appellant timely filed motions for judgment of acquittal and for a new trial following his conviction for aiding and abetting the receipt and sale of stolen construction equipment. 757 F.2d at 1485. The district court granted the judgment of acquittal and did not rule on the motion for a new trial. *Id.*

6

"On remand, the district court denied the motion for a new trial" and Arrington appealed. *Id.* The Fourth Circuit found that since the motion for a new trial was timely filed originally, "but was rendered moot when the district court granted the judgment of acquittal," the district court had jurisdiction to consider the motion for a new trial on remand. *Id.* The Fourth Circuit, like the Ninth Circuit, distinguished between the authority given the court in a motion to acquit, which examines whether the evidence is or is not sufficient, and the court's authority in a motion for a new trial, in which the evidence must weigh "so heavily against the verdict that it would be unjust to enter judgment." *Id.*

We find the Fourth Circuit's and Ninth Circuit's reasoning persuasive. Our previous mandate addressed the judgment of acquittal and not the motion for a new trial. As the district court never ruled on Ward's motion for a new trial as to Count VI,[2] the court has the authority to rule on his renewed motion for a new trial.

---

[2]The district court during the resentencing proceedings on August 16, 2000, stated,

I afforded the parties an opportunity to address the question of what issues were open on remand. The defense moved for a new trial on Count Six. I entered an order, noting that I had never ruled on the question of a new trial on Count Six, because I entered judgment of acquittal on that count.

As I read the mandate, however, I was not free to consider that issue – that is, the issue of whether a new trial should be granted on Count Six.

I also made clear that, had that issue been before me, I would have granted the motion for new trial, because the issue as presented to the jury was substantially different from the issue that appropriately could have been used by the jury as a basis for the conviction in accordance with the Eleventh Circuit decision.

We construe the district court's comments to mean that he has not ruled on the motion for a new trial yet, but if he were to rule in the future, he would grant Ward's renewed motion for a new

The government argues that Ward's renewed motion for a new trial was untimely filed, because the renewed motion was filed fifty-one days after this Court's decision in *United States v. Ward*. However, the original motion for a new trial was timely filed, but the district court never ruled upon it. The cases the government cites in its brief, such as *United States v. Bramlett*, 116 F.3d 1403 (11th Cir. 1997), address situations where a motion for a new trial was denied, the defendant subsequently petitioned the court for reconsideration of his motion for a new trial, and the court determined that the "renewed" motion was untimely; the renewed motion did not relate back to the original timely motion in those situations, because that motion already was denied. That is not the case here, because the initial motion for a new trial never was disposed of by the district court and still was pending on remand. We therefore remand this case to the district court for a ruling on Ward's renewed motion for a new trial.

II.

Ward also challenges the sufficiency of the evidence to support his conviction on Count VI. This issue was addressed in our prior opinion, *Ward*, where we stated, "[T]here was sufficient evidence from which a reasonable jury could have found Ward guilty of making a false oath that he had no bank accounts

---

trial.

8

or accounts receivable and engaging in financial transactions involving those concealed accounts in violation of the money laundering statute." 197 F.3d at 1084. Since the sufficiency of the evidence as to Count VI already was decided by this Court, we are not free to overrule our prior decision. *United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir. 1986).

## III.

The government cross-appeals the district court's decision to grant a downward departure on Ward's conviction for money laundering. It would be premature for us to review the sentence in light of the district court's authority to determine on remand whether a new trial is warranted. Therefore, we decline to consider the government's cross-appeal.

## CONCLUSION

After we reversed the district court's judgment of acquittal on Count VI and remanded the case for sentencing, the district court had the authority to revisit and rule on the renewed motion for a new trial. Ward's request that we reexamine the sufficiency of the evidence as to the money laundering count, Count VI, is denied, because that issue was addressed in our prior mandate in *Ward*. As the district court has the authority to rule on the motion for a new trial, we decline to consider the government's cross-appeal regarding Ward's sentence.

9

REMANDED for further proceedings consistent with this opinion.