# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3842

_____

United States of America,           *
                                          *

         Appellee,            *

                                          *    Appeal from the United States

    v.                          *    District Court for the Southern

                                          *    District of Iowa.

James F. Boesen, Jr.,          *

                                          *

         Appellant.           *

_____

Submitted: November 20, 2009
Filed: March 31, 2010 (corrected 4/01/10)

_____

Before MURPHY, SMITH and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury found James F. Boesen, Jr. guilty of a conspiracy to commit health care fraud and 82 specific counts of health care fraud. Boesen made a Rule 29 motion for judgment of acquittal, which the district court granted. The government appealed. This court reversed the grant of Boesen's Rule 29 motion. *United States v. Boesen*, 491 F.3d 852, 858 (8th Cir. 2007). Boesen filed a Rule 33 motion for a new trial.[1] The district court ruled that Boesen's motion for a new trial was untimely and that the

_____

[1]In this opinion, any reference to Rule 33 is to the version effective on December 1, 2005.

delay in filing it was not due to excusable neglect. Boesen now appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On August 7, 2006, immediately after excusing the jury, the district court announced that it was prepared to rule on Boesen's motion under Fed. R. Crim. P. 29 for a judgment of acquittal. The court asked if counsel wished to make any additional record, which they declined. The court then granted the Rule 29 motion for acquittal (as well as his co-defendant's Rule 29 motion on the conspiracy charge, as Boesen was the only charged co-conspirator). Boesen's co-defendant then made an oral motion for acquittal on all charges pursuant to Rule 29, or in the alternative, for a new trial pursuant to Rule 33. The district court denied both of the co-defendant's oral motions, and recessed the trial. Boesen made no motion for a new trial within seven days after the verdict.

On the government's appeal, this court reversed the district court's grant of Boesen's motion for judgment of acquittal, remanding with instructions to reinstate the verdict. On June 1, 2007 – three days after this court's original opinion reinstating the jury verdict – Boesen filed, in district court, for the first time, a Rule 33 motion for a new trial. After Boesen petitioned for rehearing en banc, this court vacated the May 29 opinion and filed a revised opinion, again remanding with instructions to reinstate the jury verdict. On August 15, seven days after this court's mandate, Boesen filed a renewed motion for a new trial. On October 16, 2007, the district court denied Boesen's motion as untimely, and declined to extend the deadline, reasoning that Boesen's delay was due either to a mistake of law or a strategic decision, neither of which is excusable neglect.

Boesen appeals, arguing that (1) his motion for a new trial was timely, (2) if it was untimely, the district court erred in finding that counsel's delay was not due to

excusable neglect, and (3) if the motion was untimely and there is no excusable neglect, then Boesen received ineffective assistance of counsel.

## II.

### A.

Boesen contends that the district court erred in ruling that Rule 33's seven-day deadline barred his motion for a new trial. This court normally reviews denials of motions for a new trial under an abuse of discretion standard. *United States v. Sturdivant*, 513 F.3d 795, 802 (8th Cir. 2008). However, "[i]nterpretation of the Federal Rules of Criminal Procedure is subject to de novo review." *United States v. Pardue*, 363 F.3d 695, 697 (8th Cir. 2004). Because this case turns on interpretation of Rule 33, this court reviews de novo. *See Burrell v. United States*, 467 F.3d 160, 163 (2d Cir. 2006) (holding that whether a criminal judgment is final for the purpose of Rule 33 is a question of law reviewed de novo).

The jury returned guilty verdicts on August 7, 2006, and Boesen did not move for a new trial until June 1, 2007. His co-defendant moved for a new trial the same day the verdicts were announced. Federal Rule of Criminal Procedure 33(b)(2) provided: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." It is uncontested that there is no newly discovered evidence in this case. Boesen did not file a Rule 33 motion within seven days after the verdict, and did not ask the district court for an alternative determination about a new trial. Federal Rule of Criminal Procedure 29(d)(1) states: "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed."

Boesen argues that a judgment of acquittal terminates the proceedings, and tolls the seven-day period in Rule 33. However, a judgment of acquittal does not automatically result in terminating the prosecution or precluding an appeal by the government in every case in which one is entered. *Serfass v. United States*, 420 U.S. 377, 392 (1975). The procedural context, not the word "acquittal," determines whether a final judgment terminates the proceedings in a criminal case. *See id.* ("[A]n 'acquittal' cannot be divorced from the procedural context in which the action so characterized was taken.").

Boesen cites an unpublished district court case for the proposition that when a judgment of acquittal is entered immediately after a guilty verdict, the seven-day period of Rule 33 is tolled. *United States v. Thorpe*, 1998 WL 422844 at *1 (E.D.N.Y., July 22, 1998). However, *Thorpe* is readily distinguishable. There, the district court entered a judgment of acquittal sua sponte, before any motions by the defendant. *Id.* at *2. The court in *Thorpe* notes this distinction:

> The present case is unlike the case where a defendant makes a motion for a judgment of acquittal after a jury verdict and, in the alternative, moves for a new trial, *see United States v. Mackey*, 915 F.2d 69, 71 (2d Cir.1990), and the acquittal is subsequently granted by the court. *See United States v. Dixon*, 658 F.2d 181 (3d Cir.1981). In such a case, there is a standing verdict which the defendant protests at the time the motions are made. Thus, it is reasonable that the 7 day time limit begins to run immediately after such verdict despite the subsequent judgment of acquittal. Here, however, the Court entered the judgment of acquittal sua sponte, before defense motions were made. Such action, in effect, voided the verdict and prevented the time limit from running in this case.

*Id.* at *2 n.3. Thus the case Boesen invokes recognizes that his Rule 33 motion is untimely.

-4-

Boesen cites three cases, asserting that this court construes the time limit of Rule 33 liberally. *United States v. Villalpando*, 259 F.3d 934 (8th Cir. 2001); *United States v. Cruz-Padilla*, 227 F.3d 1064 (8th Cir. 2000); *United States v. Johnson*, 982 F.2d 1192 (8th Cir. 1992). All three are distinguishable. In *Villalpando*, there was a timely motion for a new trial; the district court requested supplemental briefing. 259 F.3d at 938. This court held that because the supplemental motion raised the same argument as the original new trial motion, the supplemental motion was not barred by Rule 33's time limit. *Id.* In *Cruz-Padilla*, this court held that a later written motion for a new trial renewed the original (timely) oral motion. 227 F.3d at 1067-68. In *Johnson*, this court upheld the grant of a new trial under Rule 33, despite the fact that the motions appeared untimely, because the district court had made a statement within the seven-day period that led all parties to believe it had granted an extension of time to file Rule 33 motions. 982 F.2d at 1196. Thus, in these cases, there was either a motion for a new trial, or an extension granted by the district court, within the seven-day period.

Boesen also cites cases from four other circuits. The Eleventh Circuit has held that the district court, on remand, must rule on a new trial motion, *but only* because it was initially made timely (when the Rule 29 motion was granted). *United States v. Ward*, 274 F.3d 1320, 1321-23 (11th Cir. 2001). In all the other circuit cases cited by Boesen, the procedural posture was the same: the defendant made a Rule 29 motion for judgment of acquittal, and in the alternative, a (timely) Rule 33 motion for a new trial. *See United States v. Kellington*, 217 F.3d 1084, 1091 (9th Cir. 2000); *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); *United States v. Dixon*, 658 F.2d 181, 186 (3d Cir. 1981).

The only circuit case where the defendant had a Rule 29 motion for acquittal granted after a verdict, failed to make an alternative Rule 33 motion for new trial, and then had the acquittal reversed and the jury verdict reinstated on appeal is *United States v. Renick*, 273 F.3d 1009 (11th Cir. 2001). On remand, the district court in

*Renick* initially granted the motion for a new trial, but reversed itself, ruling that the motions were untimely per Rule 33.  *Id.* at 1011.  On appeal, the Eleventh Circuit held:

> The appellants were not precluded from filing a motion for new trial by the order(s) granting judgments of acquittal.  It is not unusual for there to be motions for judgments of acquittal and conditional motions for new trial.  The grant of the motions for judgments of acquittal in this case did not change the date of the return of the guilty verdicts whether that grant occurred on November 18 or December 7, 1998.  A motion for new trial could have been filed within seven days of at least one of those dates, conditional though it may have been.  Nor did the appeal on December 8, 1998, deprive the district court of jurisdiction to consider a motion for new trial filed within seven days.  If such a motion had been filed, the district court either could have denied it or, if it was inclined to conditionally grant the motion, could have so certified to the appellate court which could have remanded the case. *See **United States v. Cronic***, 466 U.S. 648, 667 n.42, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). If the district court had granted timely motion(s), the Government could have appealed that order and both orders of the district court could have been reviewed.  To allow a delay in filing a motion for new trial would raise the concern expressed in Smith that "such a practice would authorize the appellate process to be exercised in an advisory capacity while the trial court, regardless of the appellate opinion could set aside all that was the basis of appeal."  [*citing **United States v. Smith***, 331 U.S. 469, 473 (1947).]

*Id.* at 1020-1021.

Here, Boesen could have moved for a new trial at the same time he moved for a judgment of acquittal.  In fact, his co-defendant did exactly that.  The district court asked, before it ruled on Boesen's Rule 29 motion, whether any counsel had anything to add, and none did.  Rule 29(d)(1) anticipates this precise situation, instructing a district court to rule on any Rule 33 motion for a new trial on a conditional basis if it

-6-

grants a Rule 29 motion for acquittal. The language of Rule 33 gave Boesen seven days to move for a new trial. The district court's grant of his Rule 29 motion did not toll this time period. Boesen's motion for a new trial was untimely.

B.

Boesen contends that even if his Rule 33 motion was untimely, this was due to excusable neglect. This court reviews a district court's excusable-neglect determination for abuse of discretion. *United States v. Gary*, 341 F.3d 829, 836 (8th Cir. 2003). Under Fed. R. Crim. P. 45(b)(1)(B), a court may extend the deadline for the filing of a new trial motion after the time expires if the movant failed to act because of excusable neglect. The Advisory Committee notes to the 2005 amendments specifically state that this excusable neglect rule applies to the seven-day time limit for motions filed under Rules 29, 33, and 34.

In *Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 395 (1983) the Supreme Court set out the four factors to be considered when determining whether a late filing is due to excusable neglect: "[(1)] the danger of prejudice to the [opposing party], [(2)]the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith." *See Stutson v. United States*, 516 U.S. 193, 196-98 (1996) (holding that *Pioneer* applies to criminal cases).

As to the first factor, the district court found substantial prejudice to the government if Boesen's new trial motion were granted. It reasoned that due to the government's inevitable appeal of a grant of a new trial, a new trial would not begin for another year at the earliest, during which time witnesses could become unavailable and memories fade. Boesen argues that any delay is not chargeable to him. However, if he had timely made his motion for a new trial, the district court would have issued

-7-

a conditional ruling that the government could have appealed along with its appeal of the Rule 29 motion. The district court's finding that the government would be prejudiced by a delayed grant of a new trial is not an abuse of discretion.

The district court held that the second factor, the length of the delay, cut against granting a motion for a new trial. It rejected Boesen's excuse for filing late (that he could not have filed a motion for a new trial after the government appealed), and Boesen does not challenge this on appeal. Boesen's motion was almost 10 months late. The district court's finding that this factor weighs against granting a new trial is not an abuse of discretion.

As to the third factor, the reason for the delay, Boesen claims that the law is ambiguous and divided, which caused him to think that the judgment of acquittal tolled Rule 33's seven-day time limit. The plain language of Rules 29(d)(1) and 33(b)(2) refutes Boesen's claim. The district court held that even if the law were ambiguous, the prudent act would be to file a Rule 33 motion anyway. The court characterized the failure to do so as either a strategic decision to put all the eggs in the Rule 29 basket, in order to gain some advantage on that motion, or simply a mistake of law. On appeal, Boesen argues that even though mistake of law is not usually excusable neglect, excusable neglect is an elastic concept that sometimes includes negligence. *See **Pioneer***, 507 U.S. at 392-94. Further, Boesen argues that counsel was not that negligent, as they spent "several hours" researching the issue, were misled by the opinion of an Assistant United States Attorney, and found the *Thorpe* case. However, footnote 3 in *Thorpe*, addressing this precise issue, indicates that Boesen should have filed a Rule 33 motion when he filed his Rule 29 motion. The district court also noted that counsel conceded at the hearing that he placed no reliance on the AUSA's opinion. The district court did not abuse its discretion in finding that the reason for the delay was either strategy or a mistake of law.

As to the fourth factor, the district court found that Boesen acted in good faith. Still, the district court held that the *Pioneer* factors weigh against a finding of excusable neglect. This was not an abuse of discretion.

## C.

Finally, Boesen contends that if his motion for a new trial was untimely, and the delay in filing is not due to excusable neglect, then failure to timely file is ineffective assistance of counsel. This court ordinarily does not review ineffective assistance of counsel claims on direct appeal, but instead resolves them in § 2255 proceedings. **United States v. McAdary**, 501 F.3d 868, 872-73 (8th Cir. 2007). An exception is when the record is fully developed in the district court. *See id.* Here, the district court did not develop the record with respect to counsel's effectiveness at all (except to call him "highly capable"). Boesen's ineffective-assistance-of-counsel claim is rejected, without prejudice to collateral proceedings.

## III.

The judgment of the district court is affirmed.

_____