[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

No. 11-13077
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00572-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross Appellant,


versus


MARK ANTHONY MYRIE,
a.k.a. Buju Banton,

Defendant-Appellant
Cross-Appellee.


_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 21, 2012)

Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Mark Anthony Myrie appeals his convictions for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting another's use of a phone to facilitate a drug crime, in violation of 21 U.S.C. § 843(b). The government cross-appeals the district court's judgment of acquittal of Myrie's charge of gun possession in furtherance of a drug crime, in violation of 21 U.S.C. § 924(c).

On appeal, Myrie argues that the government did not establish that he was part of a drug conspiracy because there was never an agreement in place and mere presence is insufficient to sustain his conviction. Further, he argues that he did not aid and abet his codefendant, Ian Thomas, in using a phone to facilitate a drug crime because his only involvement with a phone was directing Thomas to ask a question with regard to a drug deal that never happened.

Myrie also argues that his convictions should be overturned because Alexander Johnson, a government confidential informant, pursued him to engage in drug dealing over a six-month period, which constituted entrapment as a matter of law. Myrie contends that, based on a Seventh Circuit opinion, the government did not show his predisposition to commit a crime.

2

Additionally, Myrie argues that this case should be dismissed because the district court violated the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., by holding trial after the 70-day clock expired. Myrie argues that the district court did not properly articulate its reason for issuing two continuances as required by 18 U.S.C. § 3161(h)(7), and the delay was unreasonable and prejudicial under 18 U.S.C. § 3161(h)(6).

Finally, the government cross-appeals the district court's judgment of acquittal on Myrie's 18 U.S.C. § 924(c) conviction on the basis that it was reasonably foreseeable that a gun would be used in furtherance of his drug conspiracy. The evidence established that one of Myrie's codefendants, James Mack, carried the gun in furtherance of the cocaine deal, and the jury's conviction should be upheld under a *Pinkerton*[1] theory of liability.

Myrie responds that the government violated the Double Jeopardy Clause because it constructively amended the indictment by abandoning an aiding and abetting theory in favor of a *Pinkerton* theory, and the charge should be dismissed. Alternatively, he argues that if we overturn the judgment of acquittal, we should remand the case or grant a new trial because the district court never conditionally ruled on his motion for a new trial.

---

[1] *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946).

I.

We review *de novo* whether the evidence was sufficient to sustain a jury verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence is viewed in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 186 (2010). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

Credibility questions are for the jury, and we will assume that the jury answered all of them in a manner that supports the jury's verdict. *See Jiminez*, 564 F.3d at 1285. A defendant's own testimony, if disbelieved by the jury, may be considered as "substantive evidence of the defendant's guilt." *Id.* (internal quotation marks omitted). We are "bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant." *United States v. Hernandez*, 433 F.3d 1328, 1334 (11th Cir. 2005) (internal quotation marks omitted).

"To sustain a conviction for conspiring to distribute [cocaine] the government must prove that 1) an agreement existed between two or more persons

to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture." *United States v. Matthews* 168 F.3d 1234, 1245 (11th Cir. 2009). The defendant is considered to have participated in the conspiracy so long as the "defendant's actions facilitated the endeavors of other co-conspirators, or facilitated the venture as a whole." *United States v. Chandler*, 388 F.3d 796, 811 (11th Cir. 2004) (internal quotation marks omitted). "It is irrelevant that particular conspirators may not have known other conspirators or participated in every stage of the conspiracy." *United States v. Alred*, 144 F.3d 1405, 1415 (11th Cir. 1998).

To prove a violation of 21 U.S.C. § 843(b), the government must show that the defendant knowingly and intentionally used a communications facility to facilitate the commission of a drug felony. *United States v. Rivera*, 775 F.2d 1559, 1562 (11th Cir. 1985). To prove facilitation, the government must show that the phone call "comes within the common meaning of facilitate–'to make easier' or less difficult, or to assist or aid." *Id.* (internal quotation marks omitted).

Viewed in the light most favorable to the government, we conclude that the evidence on the record supports Myrie's conviction. Here, Myrie demonstrated familiarity with the drug trade, and his behavior during the instant offense was consistent with his described role of an investor who stays on the outside.

5

Further, Myrie introduced Thomas to Johnson, vouched for Thomas's credibility, told Johnson they had a done deal, thanked Johnson for the opportunity to do the deal, and stood to gain five kilograms of cocaine from the agreement. Similarly, the evidence establishes that a reasonable jury could have concluded that Myrie knowingly and intentionally aided and abetted Thomas in using a phone to facilitate the cocaine deal because Myrie directed Thomas to ask how much the buyer wanted.

## II.

"'A successful entrapment defense requires two elements: 1) government inducement of the crime, and 2) lack of predisposition on the part of the defendant.'" *United States v. Padron*, 527 F.3d 1156, 1160 (11th Cir. 2008) (internal quotation marks omitted). "When an entrapment defense is rejected by the jury, our review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to [commit the crime]." *United States v. Brown*, 43 F.3d 618, 622 (11th Cir. 1995). We may not overturn a jury verdict "if any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt." *Id*. We review such a verdict *de novo*, but must view all facts and make all inferences in favor of the government. *Id*.

The record demonstrates that the district court instructed the jury on Myrie's entrapment defense, and the jury rejected that defense. While Myrie relies on factors used by the Seventh Circuit, in analyzing an entrapment defense the evidence here, when viewed in the light most favorable to the government, allowed the jury to find Myrie guilty beyond a reasonable doubt. *See Brown*, 43 F.3d at 622. Johnson only engaged Myrie on the topic of cocaine after Myrie indicated his familiarity with drug dealing, and Myrie asked Johnson if he could purchase cocaine for him while discussing extensive drug operations. Myrie never told Johnson to stop asking him about a cocaine deal, and Myrie ultimately introduced Thomas, a broker, to Johnson. Though Myrie testified that he was just trying to outtalk Johnson and that he was not a drug dealer trying to conduct a drug deal, we assume that, based on the jury verdict, the jury disbelieved Myrie and Myrie's testimony can thus be used as substantive evidence of his guilt. *See Jiminez*, 564 F.3d at 1285.

### III.

"We review a claim under the Speedy Trial Act de novo and review the district court's factual determinations on excludable time for clear error." *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002). Under the Speedy Trial Act, the government must take a defendant to trial within 70 days of the

7

defendant's indictment or initial appearance, whichever occurred later. 18 U.S.C. § 3161(c)(1).

In calculating this 70-day period, certain events, as specified in 18 U.S.C. § 3161(h), are excluded from the speedy trial clock. Of relevance, the 70-day period excludes (1) any delay resulting from certain proceedings concerning the defendant, such as the resolution of pretrial motions from filing through the conclusion of the hearing, (2) a reasonable delay when the defendant is joined for trial with a codefendant for whom the time for trial has not run, and no motion to sever has been granted, and (3) any delay resulting form a continuance granted by any judge if the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A).

The continuance exception in § 3161(h)(7)(A) requires that the judge set forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by the continuance outweigh the interests of the public and the defendant. 18 U.S.C. § 3161(h)(7)(A). The Supreme Court held in *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006), that a court must put its findings regarding an ends-of-justice continuance on the record at least by the time the court rules on a defendant's motion to dismiss for a speedy

8

trial violation, although the best practice is to state the reasons when granting the continuance. *Zedner*, 547 U.S. at 506-07, 507 n.7, 126 S. Ct. at 1988-89, 1989 n.7.

We previously held that § 3161(h)(6)[2] attributes to a defendant any reasonable delay caused by a codefendant. *United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). "[W]hether the amount of delay attributed to appellant under [§ 3161(h)(6)] was reasonable can be determined by reference to the totality of the circumstances prior to trial, by the extent to which the appellant's defense was prejudiced, or by the sheer length of the delay." *Id*. at 1236.

Section 3161(h)(6) attributes to Myrie any reasonable delay caused by co-defendant James Mack. *See Davenport*, 935 F.2d at 1229. However, we must first determine whether the district court satisfied the requirements of the Speedy Trial Act to exclude the delay to Mack caused by the continuances. *See* 18 U.S.C. § 3161(h)(7)(A). In addressing Myrie's motion to dismiss the indictment for a violation of the Speedy Trial Act, the district court satisfied § 3161(h)(7)(A) by stating that Mack's attorney's potential conflict of interest supported a continuance and amended the previously issued continuances to reflect that the

---

[2]The opinion, interpreting an older version of the code, refers to this section as § 3161(h)(7). This section was redesignated (h)(6) in a 2008 amendment. Pub. L. No. 110-406 § 13(3) (2008).

ends of justice served by granting the continuances outweighed the best interests of the public and the defendants in a speedy trial. *See Zedner*, 547 U.S. at 508, 126 S. Ct. at 1989.

Because the delay to Mack was properly excluded, we now determine whether the delay to Myrie was reasonable under § 3161(h)(6). The totality of the circumstances prior to trial weigh in favor of finding the three month delay to be reasonable given Mack's attorney's conflict of interest and the need for confidentiality in light of the ongoing criminal investigation. *See Davenport*, 935 F.2d at 1236. Likewise, there is no allegation or evidence to support an allegation that the delay caused by the continuances prejudiced Myrie's defense. *See id*. at 1236-37. Finally, as to the three month delay, we have held longer periods of delay to be reasonable. *See id*.; *United States v. Tobin*, 840 F.2d 867, 869-70 (11th Cir. 1988) (delay of eight months and ten days). As a result, the delays to trial caused by the continuances are excluded from the speedy trial calculation, and we conclude that there was no violation of the Speedy Trial Act.

IV.

We review *de novo* the disposition of a defendant's properly preserved motion for judgment of acquittal. *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994). We must determine whether a reasonable fact-finder could

conclude that the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Pistone*, 177 F.3d 957, 958 (11th Cir. 1999). "In deciding a motion for entry of judgment of acquittal under Fed.R.Crim.P. 29(c), district courts should apply the same standard as that used for reviewing a conviction of sufficiency of the evidence." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." Fed.R.Crim.P. 29(d)(1).

To convict a defendant under 18 U.S.C. § 924(c), the government must show that, during and in relation to a drug-trafficking offense, the defendant used, carried or possessed a firearm in furtherance of that crime. *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004). A defendant may be liable under a *Pinkerton* theory for a co-conspirator's gun possession if the possession was reasonably foreseeable. *United States v. Bell*, 137 F.3d 1274, 1274-75 (11th Cir. 1998). "[A]n absent conspirator may be found guilty of violating § 924(c) if the carrying or using of a firearm by a coconspirator is a reasonably foreseeable action of the conspiracy." *United States v. Diaz*, 248 F.3d 1065, 1100 (11th Cir. 2001). We have previously stated that guns and drugs go together hand-in-hand. *See*

11

*United States v. Lopez*, 649 F.3d 1222, 1242 (11th Cir. 2011).

In *United States v. Diaz*, the original indictment charged a violation of § 924(c) on an aiding and abetting theory. *Diaz*, 248 F.3d at 1099. At the close of evidence, the government amended the indictment, over defendant's objection, to remove the aiding and abetting language and proceed under a *Pinkerton* theory of liability. *Id*.

We conclude from the record that the evidence, when viewed in the light most favorable to the government, supports the jury's conclusion that it was reasonably foreseeable that a co-conspirator would possess a gun in furtherance of the conspiracy. *See Frank*, 599 F.3d at 1233. Myrie, Thomas, and Johnson had discussed a deal where Thomas would bring in another party to purchase a large quantity of cocaine, and Special Agent McAffrey and Sergeant Hasley both testified that guns are common in drug deals, especially for deals comparable in size to the amount of drugs involved in this case. Given Myrie's familiarity with the drug trade, the jury could have reasonably concluded that the carrying or using of a gun by a co-conspirator was a reasonably foreseeable action of the conspiracy. *See Diaz*, 248 F.3d at 1100. Additionally, the jury could reasonably conclude that the gun was carried in furtherance of the drug deal given the storage of the gun in the same trap compartment as the money. *See United States v. Range*, 94 F.3d

12

614, 617 (11th Cir. 1996) (upholding conviction where defendant stored the gun under the floor mat while delivering money for the cocaine).

Myrie contends that the government impermissibly constructively amended the indictment by dropping the aiding and abetting theory and proceeding on a *Pinkerton* theory of liability. However, we have previously upheld the dismissal of an aiding and abetting theory, and subsequent advancement of a *Pinkerton* theory of liability after the close of evidence. *See Diaz*, 248 F.3d at 1099-1100.

After the jury found Myrie guilty on Counts One, Two, and Three, Myrie filed a motion for judgment of acquittal or for a new trial, and the district court granted Myrie a judgment of acquittal on Count Three, but did not rule on his motion for a new trial. Because the district court did not comply with the demands of Rule 29(d)(1), we remand for the district court to make a determination on Myrie's motion for a new trial. *United States v. Ward,* 274 F.3d 1320, 1323-24 (11th Cir. 2001).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**.