# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1446

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Maurice Walls

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 14, 2017
Filed: March 13, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Anthony Maurice Walls of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge, United States District Court for the Southern District of Iowa.

sentenced Walls to the statutory maximum of 120 months' imprisonment. Walls appeals, arguing that the evidence at trial did not support the verdict, that the district court erred in admitting crack cocaine evidence, and that his counsel was ineffective. Walls also challenges his sentence. We affirm.

Shortly after midnight on October 24, 2015, police officers in Burlington, Iowa, responded to a 911 call reporting that a black man wearing a gray sweatshirt and black pants was carrying a gun in a residential neighborhood. Officers arrested a suspect matching the caller's description and recovered on the ground nearby a shotgun along with red shotgun shells and a plastic bag containing small bags of crack cocaine. Police later identified the suspect as Walls.

Jacob Williams and Cody Neff testified during trial that Walls retrieved a shotgun from Williams's house, where Walls had been earlier in the evening. Neff testified that before Walls left the house he loaded the shotgun with red shotgun shells; grabbed a clear, plastic bottle of vodka; and gave Williams and Neff a couple of bags of crack cocaine. Keith Davis, Allen Brown, and Officer Blake Cameron, all testified that they saw Walls in the neighborhood where he was arrested and that he had been carrying a shotgun and a clear bottle of alcohol at the time.

Defense counsel's trial strategy was to discredit the government's witnesses. Counsel cross-examined the eye-witnesses about their alcohol and drug use the night of the arrest and the testifying officers about their ability to perceive that evening. Defense counsel also moved to exclude all references to the crack cocaine evidence. Following Walls's conviction, the district court denied his motion for judgment of acquittal and new trial.

The district court determined that Walls had a criminal history category of VI, a total offense level of 30, and a resultant sentencing range of 168 to 210 months' imprisonment under the United States Sentencing Guidelines Manual (Guidelines).

As indicated earlier, the district court imposed the statutory maximum sentence of 120 months' imprisonment.

Walls argues that the district court abused its discretion when it denied his motion for a new trial based on his claim that the verdict was against the weight of the evidence. United States v. Knight, 800 F.3d 491, 505 (8th Cir. 2015) (standard of review). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When ruling on the motion, the district court "can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." Knight, 800 F.3d at 504 (internal quotation marks and citation omitted). This remedy, however, "is reserved for exceptional cases in which the evidence preponderates heavily against the verdict," to such an extent that "a miscarriage of justice may have occurred." Id. at 504-05 (internal quotation marks and citation omitted).

To prove that Walls was a felon in possession of a firearm, the government needed to show "(1) [a] previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) [that] the firearm was in or affecting interstate commerce." United States v. Montgomery, 701 F.3d 1218, 1221 (8th Cir. 2012) (citing 18 U.S.C. § 922(g)(1)). Although Walls argues that the government failed to prove the second element, eye-witness testimony from five witnesses confirmed that he had a shotgun in his possession. The testimony set forth a consistent description of items that were both in Walls's possession and found near the scene of his arrest. This testimony, coupled with Walls's proximity to the shotgun, provided ample support for the verdict.[2]

---

[2]To the extent that Walls argues that the district court erred in denying his motion of acquittal, we disagree, given the weight of the evidence against him.

Walls also argues that the district court should have granted his motion for a new trial because it erred in overruling his objection to the admission of the crack cocaine evidence. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice," which is defined as an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 and advisory committee's notes. We review the district court's evidentiary rulings for abuse of discretion, giving great deference to the "district court's balancing of the relative value of a piece of evidence and its prejudicial effect." United States v. Jiminez, 487 F.3d 1140, 1145 (8th Cir. 2007) (citations omitted). Walls argues that the crack cocaine evidence had no probative value and that it was prejudicial because it "implied he was a bad person[] and a drug dealer." The district court rejected this argument, explaining that the evidence was "'inextricably intertwined' with the circumstances surrounding Walls's charge for felon in possession of a firearm." We agree. The crack cocaine evidence served as a link between the place where the shotgun was retrieved and the area where it was found, which implicated Walls.

Walls further argues that a new trial is warranted because his trial counsel was ineffective. To establish this claim, Walls must show that his "counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced [him]." United States v. Villalpando, 259 F.3d 934, 938 (8th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). When a defendant raises a claim of ineffective assistance of counsel in a motion for a new trial, we review the district court's ruling for abuse of discretion. Id.

Although the appropriate vehicle for raising an ineffective assistance of counsel claim typically is a collateral, post-conviction action under 28 U.S.C. § 2255, a district court may consider the "motion for new trial if it has developed an adequate record on the issue." Villalpando, 259 F.3d at 938 (citing United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998)). The district court here addressed Walls's claim,

which was limited to his attorney's failure to call Guy Williams to testify that Walls did not "mess with firearms" and that Brown did "not like Walls." In light of the overwhelming evidence establishing that he possessed the shotgun, Walls has failed to establish that he was prejudiced by his attorney's decision not to call Williams.

Walls argues that the district court committed procedural error during sentencing and that it imposed a substantively unreasonable sentence. When considering whether a district court has procedurally erred, "'[w]e do not require [the] court to provide a mechanical recitation of the § 3553(a) factors . . . . Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)). Walls argues that the district court "failed to acknowledge or state that it had considered any sentence between 59 and 120 months." The district court explained, however, that "I have considered all [the Section 3553 sentencing factors] in determining the appropriate sentence" and that "[u]ltimately, the sentence I impose must be sufficient but not greater than necessary to serve the purposes of sentencing." Implicit in the district court's explanation is the fact that it had considered shorter terms of imprisonment but found that they would not achieve the desired ends of sentencing.

As for the claim that the sentence is substantively unreasonable, the district court considered Walls's criminal history and the circumstances of his arrest in imposing a Guidelines range sentence, which we may presume to be reasonable. See Feemster, 572 F.3d at 461 (quoting Walking Eagle, 553 F.3d at 659) (stating that we may presume a defendant's sentence is reasonable if it is within the Guidelines range).

The judgment is affirmed.

_____