**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4377**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SOPHIA JONES, a/k/a Nadine,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:12-cr-00640-RWT-5)

Submitted: July 29, 2016        Decided: August 12, 2016

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, Arlington, Virginia, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Leah Jo Bressack, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland; Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, John M. Pellettieri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sophia Jones was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012), three counts of using a communication facility to facilitate a drug trafficking offense, in violation of 18 U.S.C. §§ 2, 843(b) (2012), two counts of possession with intent to distribute heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841 (2012), and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. The district court sentenced Jones to a total of 120 months' imprisonment, and Jones appeals. We affirm.

Jones argues first that her pre-trial motion for substitute counsel was erroneously denied. Because the magistrate judge, rather than the district court, issued the ruling denying the motion for substitute counsel, Rule 59(a) of the Federal Rules of Criminal Procedure governs. Rule 59(a) requires that a party object to a magistrate judge's determination on "any matter that does not dispose of a charge or defense" within 14 days after being served with a copy of the written order or after the oral order is stated on the record. Fed. R. Crim. P. 59(a). "Failure to object in accordance with this rule waives a party's right to review." Id.

2

The record does not indicate that Jones ever objected to the magistrate judge's ruling before the district court. Accordingly, Jones has waived appellate review of this issue. Id.; United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984) ("We do not believe . . . that the [Federal Magistrates] Act can be interpreted to permit a party . . . to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals."). We also reject as without merit Jones' argument that the waiver resulting from her failure to object to the magistrate judge's ruling should be excused in the interest of justice. See Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

Next, Jones challenges the district court's denial of her Fed. R. Crim. P. 29 motion for a judgment of acquittal on the basis of insufficient evidence, arguing that the evidence is insufficient to support her conviction on the conspiracy count. We review the district court's ruling de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010).

We review the sufficiency of the evidence to support a conviction "by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Id. (internal quotation marks omitted). "Substantial evidence is evidence that a

3

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). A court reviewing for such evidence may not assess the credibility of witnesses and must assume that the jury resolved contradictions in testimony in the Government's favor. Id.

On appeal, Jones does not contest that the Government sufficiently proved the existence of a conspiracy to distribute and possess with intent to distribute heroin, that the conspiracy "as a whole" dealt with more than one kilogram of heroin, and that she was a member of the conspiracy. Rather, she argues that the evidence was insufficient to establish that one kilogram or more of heroin and any amount of marijuana was attributable to her.

The drug quantity attributable to Jones was the amount she agreed to distribute or possess with intent to distribute as well as the amount agreed to be distributed or possessed with the intent to distribute by co-conspirators in furtherance of the conspiracy that were known to Jones or reasonably foreseeable to her. See United States v. Hickman, 626 F.3d 756, 763-72 (4th Cir. 2010); United States v. Brooks, 524 F.3d 549, 557-59 (4th Cir. 2008). Jones concedes that the evidence established her personal involvement in the distribution of "approximately 167 grams of heroin," and, after review of the

4

record, we conclude that there was substantial evidence that 1 kilogram or more of heroin was reasonably foreseeable to her. See United States v. Wang, 707 F.3d 911, 916 (7th Cir. 2013); United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). In view of this conclusion, we need not address Jones' contention that she is entitled to a reversal of her conviction or vacatur of her sentence based on insufficient evidence that any amount of marijuana was attributable to her. See United States v. Udeozor, 515 F.3d 260, 271 (4th Cir. 2008).

Finally, Jones challenges the district court's denial of her motion for an extension of time to file a Fed. R. Crim. P. 33 motion for a new trial based on ineffective assistance of counsel. The district court premised its denial on the determination that Jones failed to establish excusable neglect under Fed. R. Crim. P. 45(b)(1)(B).* We review this determination for abuse of discretion. See United States v. Cates, 716 F.3d 445, 448 (7th Cir. 2013) (review of excusable

---

* Under Fed. R. Crim. P. 45(b)(1)(B), a district court may extend the deadline for the filing of a new trial motion after the time expires if the movant failed to act because of excusable neglect. The advisory committee notes to the 2005 and 2009 amendments state that this excusable neglect rule applies to the time limit for motions filed under Fed. R. Crim. P. 33. Under Fed. R. Crim. P. 33(b)(2), Jones had 14 days after the jury's January 24, 2014 verdict to file her new trial motion. Jones moved for an extension of time to do so on February 25, 2015.

5

neglect determination under Fed. R. Crim. P. 45(b)(1)(B) is for abuse of discretion); see also United States v. Breit, 754 F.2d 526, 528-29 (4th Cir. 1985) (applying abuse of discretion standard to asses claim that criminal defendant's delay in filing notice of appeal was excusable neglect).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), the Supreme Court set forth in a bankruptcy case factors to be considered when determining whether a late filing is due to excusable neglect: "the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Stutson v. United States, 516 U.S. 193, 196–97 (1996) (per curiam) (applying Pioneer in a criminal case). Under Pioneer, the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. "The Pioneer factors[, however,] do not carry equal weight; the excuse given for the late filing must have the greatest import." United States v. Munoz, 605 F.3d 359, 372 (6th Cir. 2010) (internal quotation marks omitted); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) (holding in a civil case that "[t]he most

6

important of the factors identified in Pioneer for determining whether 'neglect' is 'excusable' is the reason for the [delay]").

As to the length of the delay, the reason for it, and the question of whether the delay was within Jones' control, the district court determined that these factors weighed against granting the motion for extension. The motion was filed 13 months after the jury's verdict and approximately 8 months after the post-verdict appointment of new counsel. The district court rejected Jones' excuses for the delay (that — prior to the appointment of new counsel — she did not know about the 14-day time limit for filing a new trial motion under Fed. R. Crim. P. 33(b)(2) and that — after the appointment of new counsel — counsel needed time to review the trial transcripts and discovery in the case) and found that no evidence had been presented that the delay was outside of Jones' control.

Jones' arguments on appeal, we conclude, do not establish error in these determinations. The delay in this case was unambiguous, and Jones has not explained why new counsel needed 8 months to review trial transcripts and discovery or pointed to anything in the record to establish that any portion or all of the 13-month delay was outside of her control. The court's determinations that these factors weighed against granting an extension of time to file a new trial motion do not amount to an

7

abuse of discretion. See Cates, 716 F.3d at 448-49; United States v. Foster, 623 F.3d 605, 608 (8th Cir. 2010).

Jones has not challenged as reversible error the district court's failure to address whether she acted in good faith. The district court also properly considered the potential unavailability of witnesses and the potential fading of memories in weighing the length of the delay, its potential impact on judicial proceedings, and the danger of prejudice to the Government, see United States v. Boesen, 599 F.3d 874, 879 (8th Cir. 2010), and its conclusion that Jones' delay was unreasonable in light of these factors was not an abuse of discretion. Additionally, given that the critical factor in the inquiry — the reason for Jones' delay — weighs against her, the district court's brief citation to the separateness of her appeal as an example of a matter having a potential impact on judicial proceedings does not establish an abuse of discretion in the conclusion that Jones failed to establish her delay was excusable.

Accordingly, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8