**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4102

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RONNELL DAVIS, a/k/a Twin, a/k/a Slim, a/k/a Slick,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:17-cr-00493-GJH-1)

Submitted:  June 21, 2024                                    Decided:  August 7, 2024

Before KING, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Marvin D. Miller, LAW OFFICES OF MARVIN D. MILLER, Alexandria, Virginia, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, H. Gustavo Ruiz, Special Assistant United States Attorney, Coreen Mao, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Ronnell Davis of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Davis challenges the district court's orders denying his motion to suppress wiretap evidence and denying his supplemental motion for a new trial. Finding no error, we affirm.

Davis challenges the wiretap application on the particularity and necessity requirements. "When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," construing "the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "[T]he Fourth Amendment specifically provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020) (quoting U.S. Const. amend. IV). Similarly, an application for a wiretap order must include "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including," as relevant here, "details as to the particular offense that has been, is being, or is about to be committed." 18 U.S.C. § 2518(1)(b)(i).

2

Davis' Fourth Amendment challenge to the particularity of the application is foreclosed by precedent. "[W]here a warrant directly describes with specificity the goods to be seized, there is no additional requirement that it also set out a particular criminal offense." *United States v. Blakeney*, 949 F.3d 851, 863 (4th Cir. 2020) (cleaned up). "[A] warrant may satisfy the particularity requirement *either* by identifying the items to be seized by reference to a suspected criminal offense *or* by describing them in a manner that allows an executing officer to know precisely what he has been authorized to search for and seize." *Id.* The wiretap application did precisely this—it set forth drug, firearm, and money laundering offenses and sought a wiretap to uncover evidence directly related to these offenses. Similarly, as for Davis' statutory claim, "the enumeration of specific criminal statutes itself serves to identify particular offenses and, thus, satisfies this facet of the particularity requirement." *United States v. Gordon*, 871 F.3d 35, 44 (1st Cir. 2017).

"[W]e review for abuse of discretion determinations of necessity under § 2518." *United States v. Wilson*, 484 F.3d 267, 280 (4th Cir. 2007). Title III requires "the Government to show the necessity of any wiretap application via a full and complete statement as to whether normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." *Id.* at 281 (internal quotation marks omitted). But this burden "is not great, and the adequacy of such a showing is to be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents." *Id.* (internal quotation marks omitted). "[T]he Government need only present specific factual information sufficient to

3

establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable." *Id.* (cleaned up).

The affidavit set forth in painstaking detail why the existing investigation was incomplete and why alternative techniques would not succeed. The affiant explained that they used confidential sources and undercover officers, but those sources had been unable to provide details on the full extent of the conspiracy. *See United States v. Leavis*, 853 F.2d 215, 221 (4th Cir. 1998) (holding wiretap may be necessary when "informant would be unable to provide information regarding the upper levels of the conspiracy"). The affiant identified several other alternative investigative techniques, but explained why they would not succeed or place officers or witnesses in danger. This is all the Government must do. *See Wilson*, 484 F.3d at 281 (explaining necessity was shown where affiants "explained that despite the information they had been able to gain from . . . traditional sources, they believed that those sources, standing alone, were insufficient to achieve the goals of the investigation and prove the extent of the conspiracy").

As for Davis' argument that a wiretap was unnecessary because the Government already had a prosecutable case, we have rejected a defendant's argument that the "wiretaps weren't necessary because agents had already uncovered substantial evidence against [his coconspirators] by traditional means." *United States v. Davis*, 782 F. App'x 246, 250 (4th Cir. 2019) (No. 17-4782) (argued but unpublished). While we agreed that "agents likely had enough evidence to support charges against" them, we emphasized that the Government sought "to uncover the full trafficking conspiracy" and noted that we had repeatedly "affirmed wiretaps intended to reveal the higher levels of a conspiracy when

4

ordinary investigative methods could not reach them." *Id.* at 250-51. This is the exact situation the agents faced here. Therefore, we affirm the denial of the motion to suppress.

Davis also challenges the denial of his supplemental motion for a new trial, which the district court denied as untimely. Rule 33(a), Fed. R. Crim. P., allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." The Rule requires that a new trial motion grounded on newly discovered evidence be filed within three years after the verdict or finding of guilty, Fed. R. Crim. P. 33(b)(1), and that a "motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty," Fed. R. Crim. P. 33(b)(2).

Rule 45(b)(1)(B), Fed. R. Crim. P., permits a district court to extend the time for filing a motion beyond the 14-day period upon a finding of "excusable neglect" by the party. The district court found that Davis could not establish excusable neglect. We review an excusable neglect determination for abuse of discretion. *See United States v. Farris*, 834 F. App'x 811, 812 (4th Cir. 2021) (No. 20-4142); *accord United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Courts apply the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), in determining whether a defendant has shown

5

excusable neglect.  *See Farris*, 834 F. App'x at 812; *Cates*, 716 F.3d at 448; *United States v. Munoz*, 605 F.3d 359, 369 (6th Cir. 2010); *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010).  Under *Pioneer*, the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  507 U.S. at 395.  The factors to be balanced in making this equitable determination include "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*  These factors, however, "do not carry equal weight; the excuse given for the late filing must have the greatest import.  While the others might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Munoz*, 605 F.3d at 372 (cleaned up); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (holding in a civil case that "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the" delay (internal quotation marks omitted)).

Here, the reason for the delay was that prior counsel failed to brief what new counsel thought was a meritorious issue.  As the Sixth Circuit recognized, "several courts have either held or suggested that ineffective assistance of counsel may justify a finding of excusable neglect." *Munoz*, 605 F.3d at 369.  But Davis does not contend that prior counsel was constitutionally ineffective in failing to raise the prosecutorial misconduct issue.  Prior counsel identified the issue at trial, sought to challenge the witness' assertion of Fifth Amendment privileges, and created a record that could be reviewed on direct appeal.  While

6

prior counsel may not have raised the precise argument that new counsel raised concerning the issue, the record does not indicate ineffective assistance such that this factor should favor Davis.  Moreover, even assuming that we were to excuse prior counsel's failure to raise the issue in the original motion, counsel took over six months to file his supplemental motion.  While allowing that counsel needed to familiarize himself with the record, this extensive delay is counsel's fault.  *See United States v. Jones*, 658 F. App'x 188, 191 (4th Cir. 2017) (No. 15-4377).

The district court also did not abuse its discretion in considering "the potential unavailability of witnesses and the potential fading of memories in weighing the length of the delay, its potential impact on judicial proceedings, and the danger of prejudice to the Government."  *Id.*  While the pandemic had the largest effect on the length of the delay, the fact that there was new counsel for both the Government and Davis, combined with the natural fading of memory as the years pass, would have made a retrial extremely difficult.  Moreover, the basis for the supplemental motion could have been raised by prior counsel and thus was wholly within Davis' control.

Therefore, we affirm Davis' convictions.  We deny Davis' motion to schedule oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7